UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LYNCH SALES COMPANY,**
**LYNCH BROTHER LICENSING**
**CORPORATION,**

                **Plaintiffs,**

-vs-                                                      Case No. 6:09-cv-363-Orl-19GJK

**HUDSON'S FURNITURE SHOWROOM, INC.,**
**HUDSON'S BROYHILL FURNITURE**
**GALLERY, INC.,**
**C. FRED HUDSON, III,**

                **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1.     Motion for Default Judgment by Plaintiffs Lynch Sales Company and Lynch Brothers Licensing Corporation, (Doc. No. 16, filed July 6, 2009); and

2.     Letter of Defendant C. Fred Hudson, III. (Doc. No. 17, filed July 22, 2009.)

Plaintiffs Lynch Sales Company and Lynch Brothers Licensing Corporation brought this action against Defendants Hudson's Furniture Showroom, Inc., Hudson's Broyhill Furniture Gallery, Inc., and C. Fred Hudson, III ("Hudson"), asserting seven counts: (1) statutory copyright infringement, (2) statutory false designation of origin and false description, (3) common law trademark and trade dress infringement, (4) violation of Michigan's Consumer Protection Act, (5) unfair competition, (6) breach of contract, and (7) unjust enrichment. (Doc. No. 1, filed Feb. 25, 2009.) Plaintiffs filed in the record Returns of Service executed on March 6, 2009 for all three Defendants. (Doc. Nos. 11-13, filed Mar. 27, 2009.) Defendants filed no responsive pleading or

motion within the twenty days provided by Federal Rule of Civil Procedure 12(a)(1)(A)(i). Accordingly, on April 22, 2009, Plaintiffs moved for an entry of default against all Defendants. (Doc. No. 14.) The Clerk entered a default on May 18, 2009. (Doc. No. 15.)

After several months passed and Defendant failed to make any motion to set aside the default, Plaintiffs moved for default judgment against all Defendants. (Doc. No. 16.) In response, Defendant Hudson wrote a letter to the Court which states, "In regards to the above stated case, we deny everything. We motion to have all charges dismissed in this matter. I have attached a letter we have sent to the Lynch Company." (Doc. No. 17 at 1.) This filing is both procedurally and substantively flawed and must be stricken from the record for the reasons stated below.

The Federal Rules of Civil Procedure[1] set forth the basic requirements for all documents filed in the federal district court. A party against whom a case is brought must respond to the Complaint as provided by Rules 7, 8, 10, 11, and 12. Among other things, these Rules require that every court filing include "a caption with the court's name, a title, a file number, and a Rule 7(a) [or other appropriate] designation." Fed. R. Civ. P. 10(a). These filings must also name at least "the first party on each side." *Id.* In addition, the Local Rules of this District[2] state that "[a]ll applications to the Court . . . requesting relief of any kind . . . shall not be addressed or presented to the Court in the form of a letter or the like." Local Rule 3.01(f).

Defendant Hudson's letter fails to meet these basic requirements. First, this paper constitutes an application to the Court in the form of a letter in direct violation of Local Rule 3.01(f). Secondly,

---

[1] The Federal Rules of Civil Procedure are available online in PDF format at http://www.uscourts.gov/rules/CV2008.pdf. Updates to the Rules are posted on the United States Courts website at http://www.uscourts.gov/rules/.

[2] The Local Rules are available in PDF format through the website for this District and may be found at http://www.flmd.uscourts.gov/LocalRules.htm.

the document does not include a caption, nor does it identify the parties on each side.  Thirdly, Defendant Hudson states that "we deny everything," and "[w]e motion to have all charges dismissed" but does not identify the "we" to whom he refers.  (Doc. No. 17 at 1.)  Because the form of this filing is improper, it must be stricken.

Defendant Hudson's use of "we" in his letter causes concern for another reason: it suggests that he is attempting to make filings on behalf of himself *and* the corporate Defendants, Hudson's Furniture Showroom, Inc., and Hudson's Broyhill Furniture Gallery, Inc.  As stated by the Eleventh Circuit Court of Appeals, "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."  *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (citing cases).  Therefore, any applications to the Court on behalf of the corporate Defendants in this case must be made by a licensed attorney and in accordance with the Local Rules of this court.  *See id.* (citing 28 U.S.C. § 1654).

Finally, because a default has been entered against Defendants, they must move to set aside the default pursuant to Federal Rule of Civil Procedure 55 if they wish to defend against this action.  Upon a showing of good cause, the Court may set aside the default.  Fed. R. Civ. P. 55(c).  Absent such showing, the Court may enter a default judgment against Defendants for the relief requested by Plaintiffs in the Complaint.  Fed. R. Civ. P. 55(b).

Defendant Hudson's filing does not purport to be a motion to set aside the default, and this Defendant may not attempt to deny the allegations of the Complaint or move to dismiss the action before demonstrating good cause to set aside the default entered against him.  For this reason also, the July 22, 2009 filing of Defendant Hudson must be stricken.

**Conclusion**

Based on the foregoing, the letter of Defendant C. Fred Hudson, III, (Doc. No. 17, filed July 22, 2009) is ordered **STRICKEN** from the record. The Court **DEFERS RULING** on the Motion for Default Judgment by Plaintiffs Lynch Sales Company and Lynch Brothers Licensing Corporation, (Doc. No. 16, filed July 6, 2009), and shall take this Motion under advisement on **Monday, September 14, 2009**. Until that date, Defendant C. Fred Hudson, III and any corporate defendant represented by an attorney may move to set aside the entry of default upon a showing of good cause. Failure to make a proper motion may result in the entry of default judgment against all Defendants without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 10, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party

